UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAURICIO MEDINA-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:16-CV-00289-EJL<br>             1:04-CR-00257-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above-entitled matter is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Motion to Stay. (CV Dkt. 1, 5.)[1] The Government has filed a Motion to Dismiss. (CV Dkt. 3.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

---

[1] In this Order, the Court will use (CR Dkt.   ) when citing to the criminal case (1:04-cr-00257-EJL) and (CV Dkt.   ) when citing to the civil case (1:16-cv-00289-EJL).

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On November 3, 2005, Petitioner, Mauricio Medina-Martinez, plead guilty to three counts in the Superseding Indictment charging Conspiracy to Distribute Methamphetamine, Illegal Alien in Possession of a Firearm, and Illegal Reentry. (CR Dkt. 484.) This Court sentenced Mr. Medina-Martinez on January 13, 2006 to a total term of 262 months imprisonment to be followed by a term of supervised release. (CR Dkt. 562, 595.)

An appeal was filed during which the parties filed a joint motion for remand for the purpose of resentencing which was granted. (CR Dkt. 586, 677.) The remand for resentencing was for the purpose of correcting the record with regard to the criminal history calculation. (CR Dkt. 683.) The resentencing hearing was held on July 12, 2007 where this Court concluded the prior conviction in question did not qualify for the two additional criminal history points and resentenced Mr. Medina-Martinez to a total term of imprisonment of 235 months. (CR Dkt. 687.) Mr. Medina-Martinez filed a notice of appeal of his resentencing which was later dismissed. (CR Dkt. 691, 724.)

On August 5, 2015, the parties filed a Stipulation for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Sentencing Guidelines Amendment 782. (CR Dkt. 812.) This Court granted the reduction resulting in a total sentence of incarceration of 188 months. (CR Dkt. 813.)

On June 27, 2016, Mr. Medina-Martinez filed the instant § 2255 Motion seeking to correct his sentence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015). (CR Dkt. 822) (CV Dkt. 1.) The Government has filed a

MEMORANDUM DECISION AND ORDER - 2

Motion to Dismiss arguing *Johnson* does not apply to Mr. Medina-Martinez's case. (CV Dkt. 3.) Mr. Medina-Martinez filed a Motion to Stay any ruling on his § 2255 Motion until after the Supreme Court issues its decision in *Beckles v. United States*. (CV Dkt. 5.)

## DISCUSSION

**1.      Timeliness of the § 2255 Motion**

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). That section provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

On June 26, 2015, the Supreme Court issued its decision in *Johnson* which was later made retroactive. *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016). Therefore, motions for relief under § 2255 has to be filed within one year of the *Johnson* ruling. The § 2255 Motion in this case was received by the Court and filed on June 27, 2016 which is one day over the date for filing *Johnson* based § 2255 Motions. (CV Dkt. 1.) The Motion,

MEMORANDUM DECISION AND ORDER - 3

however, was signed and dated by Mr. Medina-Martinez on June 22, 2016. Given Mr. Medina-Martinez's *pro se* and custody status, the Court deems the Motion to be timely.

**2.    Motion to Dismiss**

The Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which imposes a minimum 15 year sentence for individuals who had three or more prior convictions for a "violent felony," to be unconstitutionally vague and violated due process. *See Johnson*, 135 S.Ct. at 2557-60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another." *See id.* The two point enhancement applied to Mr. Medina-Martinez in this case, which is the basis for his § 2255 Motion, was not imposed under the ACCA. Instead, the two level enhancement was imposed under Sentencing Guideline § 2D1.1(b)(1) which provides that if "a dangerous weapon (including a firearm) was possessed, increase by 2 levels." United States Sentencing Guideline § 2D1.1(b)(1). Mr. Medina-Martinez pled guilty to illegal possession of a firearm, so § 2D1.1(b)(1)'s application is clear. The *Johnson* decision does not apply to the enhancement under § 2D1.1(b)(1) or to Mr. Medina-Martinez's sentencing. *Barajas v. United States*, 2016 WL 4721481, at *2 (E.D. Cal. Sept. 8, 2016) (citing cases). For these reasons, the Government's Motion to Dismiss is granted. (CV Dkt. 3.)

Mr. Medina-Martinez's Motion to Stay asks that this Court refrain from deciding this case until the Supreme Court issues its ruling in *Beckles*. (CV Dkt. 5.) The *Beckles* case pending before the Supreme Court concerns the open question of whether or not the

MEMORANDUM DECISION AND ORDER - 4

reasoning in *Johnson* invalidates the "residual clause" in § 4B1.2(a)(2) of the Sentencing Guidelines. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016); *United States v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015). The two level enhancement applied in this case under § 2D1.1(b)(1), however, does not contain a "residual clause" akin to those found in either the ACCA or § 4B1.2(a)(2). Thus, the *Beckles* decision will not apply to Mr. Medina-Martinez's sentencing. The Motion to Stay is denied.

Further, the Court denies issuance of a certificate of appealability (COA). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Mr. Medina-Martinez has not shown the deprivation of any constitutional right as no reasonable jurist would disagree that *Johnson* does not apply to this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. The Government's Motion to Dismiss (CV Dkt. 3) is **GRANTED**.
2. Petitioner's § 2255 Motion to Vacate, Correct, or Set Aside his Sentence (CR Dkt. 822) (CV Dkt. 1) is **DENIED**.

MEMORANDUM DECISION AND ORDER - 5

3. Petitioner's Motion to Stay (CV Dkt. 5) is **DENIED**.

4. Certificate of Appealability is **DENIED**.

DATED: October 19, 2016

Edward J. Lodge
United States District Judge